# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO RIVERA VALENCIA, BOP #36322-298, <br><br> Plaintiff, <br><br> vs. <br><br> LUIS CASTRO; CASTRO CASTRO AND CASTRO TRUCK PARKING AND TRUCKING PROPERTYS, <br><br> Defendants. | Case No.: 3:18-CV-1843 JLS (BGS) <br><br> **ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM DEFENDANTS WHO ARE ABSOLUTELY IMMUNE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** <br><br> (ECF No. 7) |

On July 26, 2018, Plaintiff Diego Rivera Valencia, a federal prisoner incarcerated at Federal Correctional Institution ("FCI") Terminal Island, in San Pedro, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California. *See* Compl., ECF No. 1.

**I.  PROCEDURAL HISTORY**

On August 3, 2018, United States Magistrate Judge Shashi H. Kewalramani found that, because the events giving rise to Plaintiff's claims occurred in the Southern District of California and Defendants are alleged to reside and work in Calexico, California,

Plaintiff's Complaint was filed in the improper venue. *See* ECF No. 4. Therefore, she transferred the case here pursuant to 28 U.S.C. § 1406(a). *See id.*

In her transfer Order, Judge Kewalramani noted Plaintiff had not paid the civil filing fees required by 28 U.S.C. § 1914(a), or filed a request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *Id.* at 1 n.1. After the case was transferred here, however, Plaintiff submitted a Motion to Proceed IFP. *See* ECF No. 7.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Prisoners who are granted leave to proceed IFP, however, remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King* ("*King*"), 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate completed by a FCI Terminal Island Trust Fund Specialist attesting to his trust account activity and balances for the six-months preceding the filing of his Complaint. *See* ECF No. 7 at 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2; *King*, 398 F.3d at 1119. This certificate shows Plaintiff had an average monthly balance and average monthly deposits of $15.75 to his account over the 6-month period immediately preceding the filing of his Complaint, but an available balance of only $0.62 at the time of filing. *See* ECF No. 7 at 3. Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 7), and assesses his initial partial filing fee to be $3.15 pursuant to 28 U.S.C. § 1915(b)(1).

The Court, however, will direct the Warden of FCI Terminal Island, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's inmate trust account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

### III. SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)

#### A. Standard of Review

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint,

if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). Here, Plaintiff seeks to sue a private individual named Luis Castro, and "his business" or employer identified as "Castro Castro and Castro Truck Parking, and Trucking, and Propertys" [sic] in Calexico, California, pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 at 1, 2–3. Plaintiff does not seek redress from or name any governmental actors or entities as Defendants. *Id.* at 1–2.

Therefore, section 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review . . . for all complaints 'in which a prisoner seeks relief from a governmental entity.") (quoting 28 U.S.C. § 1915A(a)); *see also Thompson v. Hicks*, 213 Fed. App'x 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in section 1915A, prisoner's complaint as to that defendant was not subject to dismissal under section 1915A).

Because Plaintiff is proceeding IFP, however, his Complaint is still subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763 (2015) ("[T]he court shall dismiss the case [pursuant to 28 U.S.C. § 1915(e)(2)] at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted; [or] seeks monetary relief against a defendant who is immune from such relief."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Chavez*, 817 F.3d at 1167–68 (section 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief"). The purpose of section 1915's screening provisions are "to

4

ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### B. Factual Allegations

Plaintiff seeks $18 million in damages against Luis Castro, whom he claims committed perjury and slandered him through witness testimony presented during August 2012 federal criminal proceedings held before the Honorable United States Magistrate Judge Peter C. Lewis in El Centro, California.[2] *See* Compl., ECF No. 1 at 7. While not altogether clear, Plaintiff appears to contend that a state district attorney named John Weis,[3] while acting as a civilian, appeared unscheduled at Plaintiff's federal arraignment before Judge Lewis to "read the [a]rraignment" on August 9, 2012, and, either at that time or some later time, "slip[ped] in" "inadmissible evidence" through Mr. Castro's testimony to "put charges on" Plaintiff, and to label him a "drug traffic[k]er" and the "Head of the MOB of Imperial Valley." *Id.* at 7–8. Plaintiff concludes that "[t]he point is this pair of witnesses . . . tr[ied] hard to send [him] to prison," by "trying to place . . . ev[i]dence in the hands of the court that will not set him free." *Id.* at 8.

### C. Analysis

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*,

---

[2] For purposes of screening, the Court takes judicial notice of the docketed proceedings in *United States v. Diego Rivera-Valencia*, No. 3:12-CR-3547-CAB-1 (S.D. Cal. filed July 27, 2012). *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[A court] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004) (taking judicial notice of district court proceedings to determine whether prior alleged section 1983 claims were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[3] John Weis in not named as a defendant in this case, but Plaintiff previously filed a section 1983 case against Mr. Weis and another Imperial County District Attorney raising similar allegations in *Valencia v. Weis*, No. 3:18-CV-1261 WQH (NLS) (S.D. Cal. filed June 14, 2018). *See id.* Compl., ECF No. 1, at 1, 6,10, 12, 16. That case was also dismissed sua sponte by Judge Hayes based on Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) on September 19, 2018. *See id.* ECF No. 10.

263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

First, Plaintiff claims Mr. Castro, while employed by "Castro Castro and Castro Truck Parking and Trucking Propertys," either falsely testified as a witness against him during federal criminal proceedings or provided evidence to another witness (Mr. Weis), who similarly suborned perjury, and that Plaintiff's "Fifth, Eighth, and Fourteenth Amendment" rights were violated as a result. *See* Compl., ECF No. 1 at 7–8. But Plaintiff fails to allege that either Castro or his employer did so while acting "under color of state law." *Tsao*, 698 F.3d at 1138.

A person "acts under color of state law [for purposes of section 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff claims Defendants are "civilians," not state actors, and whatever testimony or evidence they may have proffered was entered in Plaintiff's *federal* criminal case. *See* Compl., ECF No. 1 at 1, 7. "It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" *Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983).

For this reason alone, Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Woldmskel v. Keg N Bottle Liquor Store*, No. 15-CV-2469 WQH (PCL), 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing section 1983 claims sua sponte against defendants not alleged to have acted under color of state law

pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)).

Second, to the extent Plaintiff claims Defendants "slandered" him during a federal pretrial proceeding, *see* Compl., ECF No. 1 at 7, he fails to allege the deprivation of any constitutional right. *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976) (holding defamation is not actionable under section 1983); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by *Paul*); *Whatley v. Gray*, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018).

Third, a trial witness sued under section 1983 enjoys absolute immunity from any claim based on his testimony. *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)); 28 U.S.C. § 1915(e)(2)(B)(iii); *Chavez*, 817 F.3d at 1167–68.

Fourth, to the extent Plaintiff seeks damages from Defendants for "trying hard to send [him] to prison," *see* Compl., ECF No. 1 at 8, a section 1983 suit is not the proper vehicle through which to mount what is essentially a collateral challenge to the validity of his federal criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994). In *Heck*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. Therefore, "where a prisoner file[s] a civil suit seeking purely money damages related to an allegedly unlawful conviction," *Heck* bars the suit if awarding those damages "would undermine the validity of the underlying conviction," and the entire action must be dismissed. *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (citing *Heck*, 512 U.S. at 486–87, 489). *Heck* arose in the context of a state court conviction, but its rationale applies to federal convictions as well. *See Martin v. Sias*,

88 F.3d 774, 775 (9th Cir. 1996).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for . . . prisoner[s] who . . . mak[e] . . . constitutional challenge[s] to the conditions of . . . prison life, *but not to the fact or length of [their] custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). Thus, because Plaintiff does not allege to have already invalidated his conviction or sentence in *United States v. Diego Rivera-Valencia*, No. 3:12-CR-3547-CAB-1, either by way of direct appeal, executive order, or through the issuance of a writ of habeas corpus, *Heck*, 512 U.S. at 487, his current Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (sua sponte dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long") (citing *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500).

### D.     Leave to Amend

While the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because, even if Plaintiff could allege facts sufficient to plausibly show Defendants acted under color of state law to violate his Fifth, Eighth and Fourteenth Amendment rights during his August 9, 2012 arraignment, his claims for damages under section 1983 could still not proceed because he waived his right to collaterally attack his conviction as part of his plea in *United States v. Diego Rivera-*

*Valencia*, No. 3:12-CR-3547-CAB-1, and both his Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(a)(2), as well as his recently filed Motion to Vacate or Dismiss that case pursuant to 28 U.S.C. § 2255, which appears to challenge his conviction based on the some of the same claims raised in this section 1983 suit, have been denied by the Honorable Cathy Ann Bencivengo, the district judge who sentenced him on November 19, 2012. *See id.* ECF Nos. 27–28, 33, 37, 39, 41; *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted).

## IV. CONCLUSION

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 7);

2. **DIRECTS** the Warden of FCI Terminal Island, or his designee, to collect from Plaintiff's inmate trust account the $3.15 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, FCI Terminal Island, P.O. Box 269, San Pedro, California 90733;

4. **DISMISSES** this civil action for failing to state a claim upon which section 1983 relief can be granted and for seeking damages from defendants who are absolutely immune without prejudice, but without leave to amend in this case, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).[4]

---

[4] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating

5. **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: November 13, 2018

Hon. Janis L. Sammartino
United States District Judge

---

his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1), *report and recommendation adopted*, 2017 WL 6209818 (Dec. 7, 2017).