UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO RIVERA VALENCIA, BOP #36322-298,<br><br>         Plaintiff,<br><br>vs.<br><br>LUIS CASTRO; CASTRO CASTRO AND CASTRO TRUCK PARKING AND TRUCKING PROPERTYS,<br><br>         Defendants. | Case No.: 18-CV-1843 JLS (BGS)<br><br>**ORDER DENYING PLAINTIFF DIEGO RIVERA VALENCIA'S MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL OF PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 11) |

Presently before the Court is Plaintiff Diego Rivera Valencia's Motion for Reconsideration of the Court's Dismissal of Plaintiff's Complaint for Failure to State a Claim and for Seeking Damages from Defendants who are Absolutely Immune pursuant to 28 U.S.C. § 1915(e)(2)(B) ("Mot.," ECF No. 11). Because Plaintiff's Complaint was dismissed with prejudice *sua sponte* at the screening stage pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), it was never served on Defendants; consequently, Plaintiff's Motion is unopposed. Having considered Plaintiff's arguments and the law, the Court **DENIES** the Plaintiff's Motion.

/ / /

/ / /

1

## BACKGROUND

The Court's November 13, 2018 Order (1) Granting Motion to Proceed *In Forma Pauperis*, and (2) Dismissing Civil Action for Failing to State a Claim and for Seeking Damages from Defendants Who Are Absolutely Immune Pursuant to 28 U.S.C. § 1915(e)(2)(B) ("Prior Order," ECF No. 7) contains a thorough summary of this case's factual and initial procedural background, *see id.* at 1–2, 5, which the Court incorporates by reference here.

Although the Court granted Plaintiff leave to proceed *in forma pauperis*, it dismissed his civil action following *sua sponte* screening because (1) Plaintiff "fail[ed] to allege that either Castro or his employer [falsely testified as a witness against Plaintiff] while acting 'under color of state law,'" *id.* at 6 (quoting *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012)); (2) "to the extent Plaintiff claims Defendants 'slandered' him during a federal pretrial proceeding . . . , he fails to allege the deprivation of any constitutional right," *id.* at 7 (citing *Paul v. Davis*, 424 U.S. 693, 699–701 (1976); *Whatley v. Gray*, No. No. 17-CV-1591 DMS (NLS), 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018)); (3) "a trial witness sued under section 1983 enjoys absolute immunity from any claim based on his testimony," *id.* at 7 (citing *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016)); and (4) "to the extent Plaintiff seeks damages from Defendants for 'trying hard to send [him] to prison,' . . . a section 1983 suit is not the proper vehicle through which to mount what is essentially a collateral challenge to the validity of his federal criminal conviction." *Id.* at 7 (citing *Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994)). The Court also concluded that amendment would be futile because Plaintiff "waived his right to collaterally attack his conviction as a part of his plea . . . and both his Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(a)(2), as well as his recently filed Motion to Vacate of Dismiss that case pursuant to 28 U.S.C. § 2255[] . . . have been denied." *Id.* at 8–9. The Court therefore dismissed Plaintiff's action without leave to amend, *see id.* at 9, following which Plaintiff filed the instant Motion on December 7, 2018. *See generally* ECF No. 11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff has not alleged any basis allowing for reconsideration under Rule 59(e). The Court finds that Plaintiff's Motion has not established newly discovered evidence, clear error, or an intervening change in controlling law as a basis for reconsideration.

Plaintiff has not argued that there has been an intervening change in controlling law nor has he established the existence of any newly discovered evidence. Although not altogether clear, Plaintiff's Motion relays facts and legal arguments similar to those appearing in his Complaint. Plaintiff appears to contend that District Attorney John Weis "placed Luis Castro as a witness to replace [Mr. Castro's] words" and that Mr. Castro

committed perjury and slandered Plaintiff through his testimony. *See* Mot. at 4, 8–10. Plaintiff does not allege any new evidence. While parts of his account in the Motion differ or elaborate on the facts originally alleged in his Complaint, all facts contained in the Motion appear to have been available to Plaintiff when the initial Complaint was filed and therefore could reasonably have been raised by Plaintiff in his Complaint. *See, e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*, 571 F.3d 873, 880–81 (9th Cir. 2009) (affirming district court's denial of reconsideration where "new" evidence could have been presented to the district court previously); *Pierce v. Skolnik*, No. 3:10-CV-0239-ECR-VPC, 2012 WL 28839 (D. Nev. Jan. 5, 2012) (denying reconsideration based on declarations presenting evidence that was previously available). Plaintiff's Motion has not established a foundation for reconsideration based on newly discovered evidence or an intervening change in controlling law.

Plaintiff also has not established that the Court committed clear error in dismissing his Complaint. Plaintiff has failed to cite any authority that would establish that the Court erred in dismissing Plaintiff's Complaint on any of the four grounds provided. *See generally* Mot. Plaintiff offers no arguments that Defendants were acting under color of law, that Defendants engaged in misconduct other than "slandering" Plaintiff during trial, that Defendants are not absolutely immune from liability for Plaintiff's claims based on their trial testimony, or that Plaintiff's action did not constitute an improper collateral challenge to the validity of his federal conviction. "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." *See F.T.C. v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. 2008)), *aff'd*, 604 F.3d 1150 (9th Cir. 2010). Consequently, Plaintiff has failed to establish that he is entitled to reconsideration of the Court's Prior Order.

/ / /

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion and request for reconsideration (ECF No. 11).

**IT IS SO ORDERED.**

Dated: May 30, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge